1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5    ROBERTO DURAND,                    Case No. 3:23-cv-00233-ART-CLB

6                        Plaintiff,
                                        ORDER DISMISSING AND CLOSING
7         v.                                        CASE

     CALDWELL,
8
                        Defendant.
9

10

11        *Pro se* Plaintiff Roberto Durand, an inmate in the custody of the Nevada

12   Department of Corrections, has not paid the full $402 filing fee or filed a fully

13   complete application to proceed *in forma pauperis* ("IFP") in this action. On June

14   20, 2023, this Court denied Durand's original IFP application because he did not

15   include an inmate trust fund account statement for the previous six-month

16   period with it, and the Court ordered Durand to either pay the full filing fee or

17   file a new fully complete IFP application by August 21, 2023. (ECF No. 4). The

18   Court warned Durand this action could be dismissed if he failed to file a fully

19   complete IFP application with all three required documents by that deadline. (*Id.*

20   at 2). That deadline has expired, and Durand did not pay the required filing fee

21   or file a fully complete IFP application. Durand instead filed a second IFP

22   application that is incomplete because he again failed to include an inmate trust

23   fund account statement for the previous six-month period. (*See* ECF No. 5).

24   **I.    DISCUSSION**

25        District courts have the inherent power to control their dockets and "[i]n

26   the exercise of that power, they may impose sanctions including, where

27   appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los*

28   *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002)). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without

collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources because Durand ignored the first order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Roberto Durand's failure to either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis* in compliance with this Court's June 20, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Roberto Durand wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 5) is denied.

DATED THIS 12th day of October 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE